**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Kevin Lamonte' Hill, Jr., | Civil No. 26-cv-1954 (JMB/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Anoka County, Minnesota, Brad Wise, *Sherriff of Anoka County (official capacity)*, John Doe, *Jail Officials 1-10 (In their Individual Capacity)*, | |
| Defendants. | |

Plaintiff Kevin Lamonte' Hill, Jr. ("Plaintiff") filed this 42 U.S.C. § 1983 action alleging Defendants Anoka County, Brad Wise, and various John Does ("Defendants") violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution. (*See* ECF No. 1 at 3.) After they answered the Complaint (*see* ECF No. 8), Defendants filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) (ECF No. 13), which remains pending. This matter is before the Court on *Plaintiff's Motion for Limited Discovery* (ECF No. 28) ("Motion"). For the reasons stated below, the Court denies the Motion.

The parties' dispute centers around whether Plaintiff should be permitted to obtain immediate discovery of records to "test Defendants' disputed assertion that Plaintiff was 'effectively discharged' after the extradition statutory period expired" and to identify the 10 "John Doe" jail officials sued in his Complaint. (ECF No. 30 at 1.) Plaintiff seeks responses to 10 document requests:

1

(1) unredacted Anoka-Shelby extradition communications[1]; (2) Governor's Warrant request, receipt, absence, filing, service, or nonproduction records; (3) jail hold logs for May 20-23, 2025 and August 10-12, 2025; (4) booking and release logs; (5) custody-status records; (6) records concerning the second fugitive complaint; (7) bond-processing records; (8), Liberty Bond / Roche Surety communications within Defendants' possession, custody or control; (9) records showing discharge, bond exoneration, release-condition termination, or notice after August 21, 2025 ; and (10) documents sufficient to identify John Doe Jail Officials and related Doe extradition, release, booking, records, and custody officials.

(ECF No. 30 at 2.)  Plaintiff seeks this expedited discovery on the ground that dismissal of the John Doe defendants at the Fed. R. Civ. P. 12(c) stage would be improper because he needs discovery to learn their identities.  (*Id*. at 1-2.)  He also contends discovery regarding his "effective discharge" is necessary to rebut Defendants' motion for judgment on the pleadings.  (*Id*.)  Plaintiff characterizes his discovery requests as limited, proportional, and targeted.

Defendants oppose Plaintiff's Motion, on the ground that discovery would be premature because the Parties have not yet held their Rule 26(f) discovery conference and the Defendants' pending motion for judgment on the pleadings may resolve the matter entirely.  (ECF No. 38 at 4.)  Defendants contend that answering Plaintiff's discovery requests would be disproportionately burdensome because their motion for judgment on the pleadings presents questions of law, and Plaintiff's proposed requests are not relevant to its resolution.  (*Id*.)  They further assert that Plaintiff's proposed discovery requests are not "limited", but instead constitute full discovery with broad requests.  (*Id*.)  Defendants argue that Plaintiff will not be prejudiced in waiting for discovery until after resolution of the motion for judgment on the pleadings, should it not result in dismissal.  (*Id*. at 5.)  Defendants therefore submit that a stay of discovery is appropriate pending the District Judge's decision on the dismissal motion.  (*Id*.)

Although the Court stayed the pretrial scheduling conference following the Defendants'

---

[1] This case involves a jail hold in Anoka County, Minnesota based on an alleged extraditable

motion for judgment on the pleadings, the Court has not yet stayed all discovery. (*See* ECF No. 21.) Federal courts have the power to stay discovery in civil cases based on two sources of authority: (1.) Rule 26 of the Federal Rules of Civil Procedure, which invests courts with broad powers in regulating the course of discovery; and (2.) the inherent authority of courts to control their own dockets, *see Clinton v. Jones*, 520 U.S. 681, 706 (1997). "The party asking the court to stay discovery has the burden of showing good cause." *United States v. Agri Stats, Inc.*, No. 23-cv-3009 (JRT/JFD), 2024 WL 3061570, at *2 (D. Minn. May 17, 2024). When a party asks a court to stay discovery because of a pending dispositive motion, the court may consider a wide range of factors, including "the merits of the motion, the scope of discovery, the potential harm to the plaintiff if discovery is delayed, the potential hardship or injustice to the defendant if discovery proceeds, and the resources of the parties and the Court." *In re Pork Antitrust Litigation*, No. 18-cv-1776 (JRT/HB), 2019 WL 480518, at *3 (D. Minn. Feb. 7, 2019).

Upon considering these factors, the Court concludes that a stay of discovery until the District Judge resolves the pending motion for judgment on the pleadings is warranted. Plaintiff's Complaint seeks to bring a 42 U.S.C. § 1983 action under the Fourth Amendment and Fourteenth Amendment for attorneys' fees and other alleged monetary damages arising from his alleged unlawful restraint and detention following his arrest on two Fugitive from Justice Complaints. (*See* ECF No. 1 at 8.) Defendants assert multiple arguments for dismissal, including that they are entitled to qualified and prosecutorial immunities. (*See* ECF No. 17 at 15-19.) The Court believes it is possible the motion will be granted in light of the qualified and prosecutorial immunities Defendants assert.[2]

Next, the scope of discovery weighs in favor of Defendants. Plaintiff seeks significant

---

warrant from Shelby County, Tennessee. (*See* ECF No. 17 at 3.)

[2] This finding should not be construed as affecting, in any way, the District Judge's determination of the merits of that motion.

3

amounts of information without explaining how it is relevant to his claims or Defendants' motion.

Plaintiff has similarly failed to establish that he will be prejudiced if his ability to obtain discovery is delayed until after the District Judge decides Defendants' motion. Plaintiff's principal argument for immediate discovery is that such discovery is necessary to learn the identities of the John Doe defendants and to rebut Defendants' motion for judgment on the pleadings. But Plaintiff does not provide an explanation as to why he must learn the identities of the John Doe defendants now, as opposed to learning them after resolution of Defendants' motion for judgment on the pleadings. Likewise, he provides no explanation as to how the requested records could inform the District Judge's determination of the dismissal motion. Instead, he sets forth a large swathe of burdensome discovery requests and leaves it the Court to attempt to determine their potential relevance, if any, to the issues at stake in the motion for judgment on the pleadings. This is not the Court's burden to carry. Plaintiff has not set forth a compelling reason why he needs the requested discovery before Defendant's motion is resolved.

Finally, the potential hardship to the Defendants and waste of the parties' and the Court's resources if discovery proceeds strongly favor a stay. If Plaintiff's lawsuit is dismissed on Defendants' motion, allowing discovery now would require the expenditure of significant and wholly unnecessary resources. And as previously stated, Plaintiff has not demonstrated he will be significantly prejudiced if discovery is delayed until after a ruling on the motion if this lawsuit is not dismissed.

On balance, the most efficient and equitable approach is to deny Plaintiff's motion and let the District Judge decide whether to dismiss all or only a portion of Plaintiff's claims before any discovery is allowed to proceed. For these reasons, the Court denies Plaintiff's Motion for Limited Discovery (ECF No. 28).

**ORDER**

Based on the foregoing, and on all the files, records and proceedings herein:

1.    Plaintiff's Motion for Limited Discovery (ECF No. 28) is **DENIED**.

2.    Discovery in this matter is **STAYED** pending resolution of Defendants' Motion for

Judgment on the Pleadings (ECF No. 13).


Dated: July 24, 2026                    *s/ Dulce J. Foster*
                                        DULCE J. FOSTER
                                        United States Magistrate Judge